UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-056-TAV-HBG-10 |
| | ) | |
| KEITH MADISON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Defendant Keith Madison appeared before the undersigned on August 7, 2020 for a hearing via video conference on the Amended Petition for Action on Conditions of Pretrial Release [Doc. 227] ("the Petitition"). Assistant United States Attorney Kevin Quencer appeared on behalf of the Government. Attorney Randall Reagan represented the Defendant, who also appeared via videoconference.

**I.    BACKGROUND**

Defendant is charged with conspiracy to distribute and possess with intent to distribute a mixture and substance containing heroin, a Schedule I controlled substance, and forty (40) grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) [Doc. 3].[1]  On May 30, 2019, Defendant self-appeared for an Arraignment in this Court, and the undersigned ordered Defendant released subject to conditions, including complying with federal, state, and local laws while on release, not using controlled substances, and appearing in court as required. [Doc. 75].

---

[1] Much of the background in this case has been set forth by District Judge Varlan's Order on the Government's Emergency Motion to Revoke the Magistrate Judge's Release Order. [Doc. 230].

On March 30, 2020, the United States Probation Office filed a petition for action on conditions of pretrial release, reporting the following violations of Defendant's conditions:

(1) Defendant tested presumptively positive for cocaine on January 3, 2020, and this test result was confirmed on January 10, 2020, but defendant initially denied and continued to deny using cocaine. Although his random drug testing frequency was increased, all subsequent screens were negative;

(2) Defendant was arrested by the Detroit Police Department on March 8, 2020, for assault and battery/simple assault. The incident/investigation report identified defendant's wife, Shari Toler, as the victim, noted officers observed bruises on Ms. Toler's left cheek and left eye, stated that Ms. Toler said defendant hit her several times, and reported that Ms. Toler's brother was reportedly awakened by the altercation at the couple's home and witnessed the defendant hit Ms. Toler in the face with a closed fist; and

(3) Defendant failed to report the above arrest to his supervising officer as soon as possible; rather, the officer received notification of the arrest via ATLAS/NCIC and contacted defendant.

[SEALED Doc. 180 at 2]. An arrest warrant was issued, and defendant was arrested in Detroit, Michigan. Magistrate Judge Whalen then ordered that defendant's bond be reinstated and continued and ordered defendant to appear for a hearing before the undersigned on June 9, 2020 [Doc. 193 at 4–5]. The undersigned ordered Defendant to appear in-person due to the serious nature of the allegations in the petition [Doc. 201], and after Defendant failed to appear at the June 9th hearing [Doc. 202][2], the Court issued another arrest warrant [Doc. 203]. Defendant was arrested on June 11, 2020 and appeared again before Magistrate Judge Whalen [Doc. 208]. After weighing the factors under 18 U.S.C. § 3142(g), Judge Whalen again ordered defendant released on bond [*Id.* at 2].

On June 12, 2020, this Court further stayed the release order pending resolution of an emergency motion filed by the government to revoke Magistrate Judge Whalen's order. [Doc.

---

[2] The Court notes that Attorney Reagan appeared at the June 9, 2020 hearing and requested a continuance of the hearing. [*Id.*]. The Court granted Defendant's request and continued the revocation hearing to June 22, 2020 and entered a warrant for the arrest of Defendant. [*Id.*].

2

204]. Defendant responded to the Government's motion on June 24, 2020. [Doc. 216]. Then, on July 20, 2020, the United States Probation Office filed an amended petition for action on conditions of pretrial release. [Doc. 227]. The amendments included the June 9 failure to appear violation and two misdemeanor charges incurred after Magistrate Judge Whalen ordered defendant released the first time. The Wayne County Sheriff's Office cited defendant on May 16, 2020 for no insurance and driving while license suspended/repeat offender. [*Id.* at 3]. Lastly, on July 23, 2020, District Judge Varlan granted the Government's motion [Doc. 204] and ordered Defendant detained pending his hearing regarding revocation of his pretrial supervision. [Doc. 230].

## II.    ANALYSIS

"A person who has been released under [18 U.S.C. §] 3142 . . . and who has violated a condition of his release, is subject to a revocation of release, an order of detention, and a prosecution for contempt of court." 18 U.S.C. § 3148(a). After a hearing, the Court *shall* revoke the defendant's release and detain the defendant, if it finds probable cause to believe the defendant has committed another crime while on release or clear and convincing evidence that the defendant has violated any other condition of release and the Court also finds "there is no condition or combination of conditions of release that will assure the person will not flee or pose a danger to the safety of any other person or the community" or that "the person is unlikely to abide by any condition or combination of conditions of release." 18 U.S.C. § 3148(b)(2). If the Court finds probable cause to believe that the defendant has committed a felony while on pretrial release, "a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

3

At the August 7, 2020 revocation hearing, the Government relied upon the Amended Petition for Action on Conditions of Pretrial Release [Doc. 227], introduced as Exhibit 1. The Government asserts that there is probable cause to believe that Defendant committed the crime of assault due to the allegations in the Petition that Defendant hit his wife, Ms. Toler, several times in the face with his closed fist. Additionally, the Government maintains that Defendant likely committed a felony under 18 U.S.C. § 3146 by failing to appear for the scheduled June 9, 2020 hearing. Further, the Government points to Defendant's presumptive positive test for cocaine in January of 2020, continued denial of the use of cocaine despite the positive test, as well as Defendant's citation for driving without insurance and with a suspended license on May 16, 2020. Therefore, the Government alleges that Defendant is both a danger to the community and a risk of non-appearance.

Defendant claims that additional conditions may be put in place to compel his compliance with the terms of his pretrial release, including anger management counseling, obtaining prepaid travel plans for future court proceedings, home confinement, and the appointment of Ms. Toler[3] as a third-party custodian. Defendant notes that following his failed drug test, his drug testing was increased in frequency, and that he has not tested positive since. Defendant argues that following his arrest on the assault charge, he was released with either the charge dismissed, or no formal charges being brought.

With regard to the June 9th hearing, Defendant submits that he has been laid off from two jobs, lost his prepaid debit card which included his unemployment benefits, and was unable to arrange transportation. Additionally, Defendant notes that he attempted to consent to appear by

---

[3] The Court notes that Ms. Toler was also referred to as Mrs. Madison at the hearing.

4

video conference, and that Attorney Reagan appeared at the hearing and requested a continuance. Ms. Toler also testified about her potential responsibilities as a third-party custodian.

In the instant case, the Court conducted a hearing pursuant to 18 U.S.C. § 3148 to determine whether the Defendant violated the terms of his pretrial release and, if a violation has occurred, whether sanctions are appropriate. Ultimately, the Court finds by probable cause that Defendant has committed another crime while on release, as well as that there is no condition or combination of conditions of release that will assure that Defendant will appear before this Court or not pose a danger to the safety of the community. Additionally, based on Defendant's conduct during his period of pretrial release, the Court finds that Defendant is unlikely to abide by any combination of conditions of release.

First, the Court finds probable cause under 18 U.S.C. § 3148 to believe that Defendant, while on release, committed the crime of simple assault. Defendant alleges that his wife swung first, and that he was pushing her away. The Petition, however, details that Defendant's wife reported to police that Defendant hit her several times, that Ms. Toler's brother witnessed Defendant hit Ms. Toler in the face with a closed fist, and that law enforcement observed bruises on her left cheek and left eye. Further, on cross-examination, Ms. Toler testified that she called the police on March 8, 2020 and reported that Defendant had struck her in the face. Defendant fails to point to any controlling authority that the lack of prosecution following an arrest bars a finding of probable cause by this Court. Additionally, the Court finds by clear and convincing evidence that Defendant has committed other violations of conditions of his release, including testing positive for cocaine, driving without a license and without insurance on May 16, 2020, and failing to appear for his June 9, 2020 hearing.

5

The Court agrees with District Judge Varlan's finding that "[D]efendant does not appear to pose a flight risk, but he has already demonstrated that he poses a serious risk of failing to appear." [Doc. 230 at 9]. Defendant's failure to appear for the June 9th hearing, despite the appearance of his counsel, is a "serious strike against him." [*Id.*]. Although Defendant claims that he lost his prepaid debit card containing his unemployment benefits and now proposes purchasing prepaid travel arrangements for any future court proceedings, he "had almost a month to arrange transportation to Knoxville" and failed to arrange alternative means of transportation. [*Id.* at 10].

Additionally, the Court finds that Defendant poses a danger to the community. Drug trafficking is inherently dangerous, regardless of whether violence was involved, and Defendant is charged with distributing a significant quantity of fentanyl. *United States v. Stone*, 608 F.3d 939, 947 n.6 (6th Cir. 2010) ("[O]ur Court routinely affirms, on dangerousness grounds, the pretrial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence."). In addition to the potential risk of violence to Ms. Toler, the Court finds that Defendant's "troubling pattern of law-breaking" suggests that Defendant poses a danger to the community. [Doc. 230 at 11].

Here, the Court notes Defendant's continued noncompliance with the conditions of his release, including his failed drug test, arrest for assault, driving on a suspended license and without insurance, and failure to appear before this Court. Defendant's "alleged violations of his conditions of release suggest a potential willingness to break the law in the future" [*Id.* at 13], as well as a demonstrated refusal to comply with the conditions of his pretrial release. Moreover, Defendant's May 16, 2020 citation by the Wayne County Sheriff's Office demonstrates a failure to abide by the conditions of his pretrial release despite the previous petition for action on

conditions of release already being filed and two days after appearing before Magistrate Judge Whalen.

The Court also does not find Ms. Toler to be a suitable third-party custodian. As previously detailed, Defendant is alleged to have struck her in the face, which she subsequently reported to police and was confirmed by a witness. At the revocation hearing, Ms. Toler testified that she was unsure where Defendant had obtained the cocaine which resulted in his positive drug test. Therefore, the Court finds that Defendant's proposed conditions of home confinement with Ms. Toler serving as a third-party custodian are not sufficient to ensure that he will abide by the conditions of his release, due to the alleged assault and the fact that Defendant resided with Ms. Toler when he was alleged to have committed the violations set forth in the Petition. Further, the Court has considered other conditions that it might impose upon the Defendant, but it finds that Defendant's history of noncompliance reveals that he is unlikely to abide by any conditions that the Court might impose.

Lastly, Defendant argued that he has had several immediate family members die from the COVID-19 virus, and that he is at a high risk from contracting the virus due to being over fifty-five, being an African-America, and having high blood pressure. While the Court is sympathetic to Defendant's concerns regarding the COVID-19 virus, "[e]ven considering Defendant's medical condition and the COVID-19 outbreak, there remain no conditions or combination of conditions that would reasonably assure the presence of the Defendant and the safety of the community if Defendant were released." *United States v. Legard*, No. CR PWG-19-0137, 2020 WL 1434120, at *2 (D. Md. Mar. 24, 2020), *cited in*, *United States v. Kahn*, No. 19-80169-CR, 2020 WL 1582279, at *5 (S.D. Fla. Apr. 2, 2020) (where Defendant was originally granted pretrial

release, had his bond revoked and detained based on violations of his pretrial release conditions, and then sought reopening of a detention hearing).

Accordingly, the Court finds that the Defendant did commit several violations of the terms and conditions of his pretrial release as noted above. The Court further finds that there is no condition or combination of conditions of release exist that will assure that Defendant will appear before this Court or not pose a danger to the safety of any other person or the community, or that Defendant will not continue to commit violations. *See* 18 U.S.C. § 3148(b)(2). Therefore, the Defendant's Order Setting Conditions of Release [**Doc. 75**] is hereby **REVOKED**.

The Defendant is **ORDERED** remanded to the custody of the United States Marshal to await his trial, which is presently scheduled for **October 13, 2020**. The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge